**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBERTO FERNANDEZ ARELLANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-CV-01999 |
| vs. | ) | |
| | ) | |
| LEAONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On October 22, 2026, Petitioner was detained on his way home from work and placed in the Moshannon Valley Processing Center. ECF No. 1, at ¶ 2. On October 27, 2026, while housed at Moshannon facility, Petitioner filed the present Petition for Writ of Habeas Corpus. *Id.* at ¶ 6. On November 2, 2026, Respondents filed a Response to the Petition, indicating that "the Government detained Petitioner pursuant to § 1226(a), as reflected in Petitioner's Form I-286 (Notice of Custody Determination)." ECF No. 9, at 2. Petitioner's I-286 Form was completed on September 29, 2026, before he was detained by ICE on October 22, 2026. ECF No. 9-1. This occurred at an Immigration and Customs Enforcement Sub Office in York, Pennsylvania. *Id.* There is no evidence that Petitioner was detained at that time. Respondents further note that, although Petitioner's I-286 Form is dated September 29, 2026, it was not filed until October 29, 2026. *Id.* at 2 n. 6. Therefore, a bond hearing for Petitioner had yet to be scheduled. *Id.* Respondents suggest that, because of Petitioner's I-286 Form (indicating he chose to have a bond hearing) and because a bond hearing would eventually be scheduled, the Habeas Petition should be dismissed without prejudice, as Petitioner has not yet exhausted administrative remedies. *Id.* at 2.

Habeas jurisdiction has attached for this Petitioner in this Court and therefore the Court retains jurisdiction over this matter regardless of whether Petitioner remains at Moshannon or is relocated to a different facility. "It is well established that jurisdiction attaches on the initial filing for habeas corpus

relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Littles v. United States*, No. CIV. 14-6371 NLH, 2015 WL 1608918, at *2 (D.N.J. Apr. 10, 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)). At this time, the only information the Court has received is that a bond hearing is expected to be scheduled. Respondents suggest, as an alternative resolution, that "the Court may grant the habeas petition to the extent that it seeks a *prompt* individualized bond hearing under § 1226(a) in the immigration court, which would comport with the Third Circuit's ruling in *Buele Morocho* and would satisfy due process as construed in that opinion." *Id.* at 5 (emphasis in original).

For the reasons stated by this Court in *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Habeas Petition is GRANTED IN PART, as follows:

Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within thirty (30) days of this order, or else release Petitioner by such date. In accord, with Petitioner's I-286 Form and Respondents' acknowledgement that § 1226(a) is the proper statutory reference, any bond hearing is to be held pursuant to § 1226(a). Said bond hearing shall occur within the Third Circuit, before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent.[1] The thirty-day timeline may be extended by Petitioner upon a motion to the immigration judge. Respondents shall ensure that the hearing include the required due process, including, at a minimum, factfinding based upon a record produced before a decisionmaker and disclosed to Petitioner; an opportunity to make arguments on Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

[1] It is noted that, in circumstances similar to Petitioner's, where § 1226(a) applies, a "Petitioner's mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates his procedural due process rights under the Fifth Amendment." *Cherenfant, v. Warden, Pike County Correctional Facility*, No. 3:26-CV-2987, 2026 WL 3085459, at *5 (M.D. Pa. Oct. 15, 2026).

The Court ORDERS that Respondents shall advise the Court within twenty-four hours of any movement of Petitioner from the Moshannon facility, and Respondents shall file a Notice on the record advising of petitioner's new location.

Once a bond hearing occurs, Respondents are directed to file a copy of the Immigration Judge's bond decision on the record within five days.

IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

BY THE COURT:

DATED: November 4, 2026

Marilyn J. Horan
United States District Judge